UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.: 3:06-CR-125-TAV-HBG |
| | ) | 3:07-CR-130-TAV-HBG |
| JASON BURRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the Court are the defendant's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Case No. 3:06-CR-125-TVA-HBG Doc. 35; Case No. 3:07-CR-130-TVA-HBG Doc. 12]. On October 15, 2007, the defendant was convicted of possession with intent to distribute fifty grams or more of crack cocaine in Case No. 3:06-CR-125-TAV-HBG, and of possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime in Case No. 3:07-CR-130-TAV-HBG. On April 3, 2008, he was sentenced to 121 months' imprisonment for the possession with intent to distribute charges, to run concurrently, and sixty months' imprisonment for the possession of a firearm in furtherance of a drug trafficking crime charge, to run consecutively, for a total term of imprisonment of 181 months.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motions in abeyance pending resolution of that petition. For reasons explained in a prior order [Case No. 3:06-CR-125-TVA-HBG Doc. 38; Case No. 3:07-CR-130-TVA-HBG Doc. 15], the Court held the defendant's motions in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motions for a sentence reduction, the defendant's motions [Case No. 3:06-CR-125-TVA-HBG Doc. 35; Case No. 3:07-CR-130-TVA-HBG Doc. 12] are hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 3:07-cr-00130-TAV-HBG   Document 16   Filed 04/07/14   Page 2 of 2   PageID #: 27